**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| EDWARD E. WOERNER, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 17-00246-CG-B |
| | * | |
| KILLIAN CONSTRUCTION CO., | * | |
| *et al.*, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Edward Woerner's Motion to Remand. (Doc. 5). The motion, which has been fully briefed, has been referred to the undersigned Magistrate Judge for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S). In his motion, Woerner argues that this case was improperly removed from the Circuit Court of Baldwin County, Alabama, because complete diversity of citizenship is lacking. Plaintiff contends that like himself, Defendant Christian Mills is domiciled in Alabama. (Docs. 6, 12). Defendants, on the other hand, assert that Christian Mills is a resident and citizen of the State of Florida. (Docs. 10, 15).

In an Order dated January 31, 2018 (Doc. 16), the Court observed that the parties had presented conflicting, fragmented evidence such that the record was incomplete and inconclusive as

to Mills' domicile at the time that the complaint was filed, and as a result, an evidentiary hearing was scheduled. The evidentiary hearing was conducted on **February 22, 2018.** Upon consideration of the parties' briefs and the testimony and materials submitted at the evidentiary hearing, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand be **GRANTED.**

## I. Factual and Procedural Posture.

Plaintiff Edward E. Woerner filed this action in the Circuit Court of Baldwin County, Alabama.[1] (Doc. 1 at 1). In his complaint, Plaintiff alleges that Defendants Killian Construction Company and Christian Mills, Killian's representative, breached their contractual duty to compensate Plaintiff for work that Plaintiff had been subcontracted to complete. (Doc. 9 at 2). Specifically, Plaintiff avers that he is owed $350,777.00 for work he completed for Defendants as part of his contractual duties and based on oral agreements between the parties. (Id. at 2, 3, 4).

Defendants timely removed this action from the Circuit Court of Baldwin County to this Court under 28 U.S.C. § 1332 based on diversity jurisdiction. (Doc. 1 at 2). In their

---

[1] Plaintiff initially styled the case as Southern Turf Nurseries, Inc. v. Killian Construction Co. and Christian Mills. (Doc. 1 at 1). However, Plaintiff subsequently filed with the Baldwin County Circuit Court an Amended Complaint to Correct Identity of Plaintiff, in which Edward E. Woerner was named as the Plaintiff. (Id.).

Notice, Defendants assert that complete diversity of citizenship exists between Plaintiff and Defendants, as Plaintiff, a natural person, is a citizen and resident of Alabama; Defendant Killian is a Missouri corporation with its principal place of business in Springfield, Missouri, thus making it a citizen of that state for diversity purposes; and Defendant Mills, a natural person, is a citizen of Florida.  (Id. at 2, 3).

In Plaintiff's motion to remand, he acknowledges that there is diversity of citizenship between himself and Defendant Killian, but contends that Defendant Mills is a citizen of Alabama, the same state of which Plaintiff is a citizen, thus defeating complete diversity of citizenship between the parties. (Doc. 5 at 1).   According to Plaintiff, Defendant Mills is a resident of the City of Foley, Alabama, and has lived there with his wife and children for ten (10) consecutive months preceding the filing of the instant action.   (Doc. 5-1 at 1).   Therefore, Plaintiff contends that this Court lacks subject-matter jurisdiction.  (Doc. 5 at 1).

While the parties agree that the $75,0000 amount in controversy requirement has been satisfied, the citizenship of Defendant Mills is disputed. [2]   At the evidentiary hearing,

---

[2]  Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

Defendant Mills testified that he was born and reared in the State of Florida. He also testified that he co-owns a home in Pensacola, Florida, for which he claims a homestead exemption, that his parents, former spouse, and three adult children reside in Florida, that he commenced renting an apartment in Panama City Beach, Florida, in March 2017, that he has been working on a job project in Panama City Beach, Florida, since November 2016, that he is registered to vote in Florida and last voted in the presidential election in November 2016, that his Regions bank account was opened in Florida, that he has a current Florida driver's license, that his cell phone was obtained in Florida and has a Florida prefix, that his personal physician is located in Pensacola, Florida, and that it has always been his intention to make Florida his home.

Defendant Mills also testified that although he co-owns a home in Florida, it is occupied by his former spouse, and he has not lived in the home since 2009 or 2010. He further testified that he rented a house in Pensacola, Florida, when he ceased living with his former spouse, and that he later relocated to Gulf Shores, Alabama, and started renting a house with his fiancée in 2012. At the time, Mills was also working full-time in Alabama. He later purchased his current home in Foley,

---

Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010).

Alabama, where he lives with his fiancée and their two children, ages two and five.[3]   Mills' fiancée is employed full-time in Foley, Alabama, and his minor children attend a nearby daycare. Mills testified that he receives mail both at his home in Alabama and his apartment in Panama City Beach, and that during the last couple of years, he paid income taxes in Alabama because that is where he was working.   According to Mills, he currently spends three days at home with his family in Alabama and four days at his apartment in Panama City Beach, Florida, when working as a project manager.   Mills also testified that his current work project is slated for completion in January 2019 and that he expects to then be assigned to another project in Florida or elsewhere.   Mills' fiancée testified that she and the children have visited Mills on one occasion while he has been working in Panama City Beach, Florida, and that she did not like the area.

## II.    **Standard of Review**

A removing defendant has the burden of proving proper federal jurisdiction.   See   Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008); Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) ("[i]n removal cases, the burden is on the party who sought removal to

_____

[3] Mills testified that both of his children, ages two and five, were born in Alabama and have been reared in Alabama since their birth.

demonstrate that federal jurisdiction exists.") (citation omitted); McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (noting that "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) ("In a motion to remand, the removing party bears the burden of showing the existence of federal jurisdiction."). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. See Univ. of S. Ala. v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Furthermore, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Osting-Schwinn, 613 F.3d at 1092 (internal quotation marks omitted).

"Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." SUA Ins. Co. v. Classic Home Builders, LLC, 751 F. Supp. 2d 1245, 1252 (S.D. Ala. 2010) (quoting Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010)). Courts may use

6

judicial experience and common sense to determine whether the case stated in the complaint meets the requirements for federal jurisdiction. Id.   Reliance on "speculation" is "impermissible." Id. (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 771 (11th Cir. 2010)).

   **III.   Analysis**

   Courts have held that, "[f]or diversity purposes, a person is a citizen of the state in which he is domiciled." Slate v. Shell Oil Co., 444 F. Supp. 2d 1210, 1214 (S.D. Ala. 2006).  A person's domicile is "the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . .'"   McCormick, 293 F.3d at 1257-58 (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)).[4]   This Court, in Slate, stated that the determination of one's domicile is a "totality of the circumstances" analysis in which no single factor carries greater weight than another.   Slate, 444 F. Supp. 2d at 1215. The Slate court included several indicia that can be considered, including:

> . . . the state(s) where civil and political rights are exercised, where taxes are paid, where real and personal property are located, where driver's and other licenses are obtained, where

---

[4] All Fifth Circuit decisions handed down prior to the close of business on September 30, 1981, are binding on the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

mail is received, where telephone numbers are maintained and listed, where bank accounts are maintained, where places of business or employment are located, and where memberships in local professional, civil, religious or social organizations are established.

Id.

Finally, a person may only have one domicile at a time, and there is a presumption that, once a person establishes their domicile, they are considered a citizen thereof until they have effectively manifested a new one. Id. To establish that one's domicile has changed, two things must be proven: "(1) physical presence at the new location, and (2) intent to remain there indefinitely." Id. at 1216; see also McCormick, 293 F.3d at 1258 (noting that "a change of domicile requires [a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely.").

In examining the totality of the evidence presented, the Court finds that Mills was domiciled in Alabama and was a citizen of Alabama at the time that he purchased his home in Foley, Alabama, in 2015, if not earlier. (Doc. 20-1). At the time, Mills was working and residing (with his fiancée and children) full-time in the state of Alabama. He was also receiving his mail in Alabama and filing his federal and state income taxes in Alabama. Although Mills contends that he considered himself a Florida citizen and always intended to

return to Florida, at that point, his ties to Florida were tenuous at best.[5] While Defendant co-owns a marital property with his former spouse in Florida, the evidence is undisputed that Mills has not resided in the home since dissolution of his marriage in 2009 or 2010, and by the time he purchased his home in Alabama in 2015, he did not have a Florida mailing address nor Florida residence. Additionally, the fact that Mills maintained his Florida voter registration and voted in the 2016 presidential election in Florida is of no moment given the undisputed evidence that at the time, Mills had not resided at the address listed on his Florida voter registration card since 2009 or 2010 and had not actually resided in the State for at least two or three years. Likewise, the fact that Mills still maintains a Regions bank account that he originally opened in Florida is of little assistance given that Regions is a national banking institution and that the record is devoid of information reflecting the particular branches he regularly uses. Simply put, the totality of evidence presented fails to evidence a

---

[5] As noted *supra*, mere residence is not sufficient to determine a party's jurisdictional status; however, a party's place of residence is *prima facie* evidence of his domicile. See Audi Performance & Racing, LLC v. Kasberger, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003)(recognizing presumption that state of residence equates to domicile.). In this case, Plaintiff alleges, and Mills does not deny, that in the Circuit Court of Baldwin County, Alabama, Mills, through counsel, filed an Answer in William M. Ward, et al., vs Hoar Construction, LLC, et al., Case No. 2016-CV-900659, wherein he acknowledged that he is a resident of Alabama. (Doc. 12)

Case 1:17-cv-00246-CG-B   Document 22   Filed 03/06/18   Page 10 of 13

fixed intent to remain in Florida at the time that Mills purchased his home in Foley, Alabama, in 2015. To the contrary, the evidence establishes that Mills was domiciled in Alabama.

Notwithstanding the Court's findings, the inquiry does not end there in light of testimony that Mills began working in Panama Beach City, Florida, in November 2016, and began leasing an apartment there in March 2017. As noted *supra*, the law in this Circuit provides that once a person establishes a domicile, it continues until the person establishes a new domicile. To effect a change of one's legal domicile, there must be a change in residence, and there must be an intention to remain there. See McCormick, 293 F.3d at 1258. The question before this Court then is whether Mills' domicile had changed from Alabama back to Florida at the time this lawsuit was filed on April 25, 2017. (Doc. 1-2).

The evidence reflects that Mills began working on a new project in Panama City Beach, Florida, in November 2016, and by March 2017, he had leased an apartment there and was splitting his time between his job in Florida, and his family in Foley, Alabama. Here again, while Mills testified that he considers himself a resident and citizen of Florida, the facts do not show that at the time this lawsuit was filed on April 25, 2017, Mills exhibited a fixed intent to remain in Florida indefinitely.

10

Indeed, Mills has continued to maintain his primary residence in Foley, Alabama, with his fiancée and two minor children, and he is physically present at the Foley, Alabama, residence three days a week.  While Mills' family has been to Florida to visit him on one occasion since he started the project, his fiancée, who is gainfully employed in Foley, does not like the area, and there are no plans to relocate their family to Florida.  According to Mills, his work project is slated for completion in 2019, and thereafter, he could be assigned to another project in Florida or some other location.  While Mills is working on a temporary assignment[6] in Florida and leasing temporary housing in Florida, is registered to vote in Pensacola, Florida, and maintains a Florida driver's license, [7]

---

[6] It is noteworthy that courts have held that employment location is not afforded heavy weight in the domicile calculus.  See Slate v. Shell Co., 444 F. Supp. 2d 1210, 1216, n.13 (S.D. Ala. 2006)(citing Simmons v. Skyway of Ocala, 592 F. Supp. 356, 360 (S.D. Ga. 1984)(observing that cases where party asserts he established domicile in new state by act of changing employment to new state "tend to minimize the significance of a party's employment alone as a factor determining domicile"); Jedrejcic v. Croatian Olympic Committee, 190 F.R.D. 60, 85 (E.D.N.Y.1999) ("Although place of employment is a factor to be considered in deciding domicile, some indicia are more meaningful than others."))

[7] Interestingly, a few weeks following the filing of the complaint in this action, Mills updated the address on his Florida driver's license with his Panama City Beach, Florida, address.  (Doc. 20-4 at 1-2).  Mills testified that he updated the address in order to ensure that he received important mail; however, he offered no explanation for why he did not take any

the undersigned finds that the totality of the evidence confirms that Mills is properly classified as being domiciled in Alabama, not Florida, as of the filing of the lawsuit on April 25, 2017. Because Mills is an Alabama citizen for diversity purposes, and it is undisputed that Plaintiff is also an Alabama citizen, complete diversity of citizenship is lacking and jurisdiction cannot lie under 28 U.S.C. § 1332.

## IV.    Conclusion

For the reasons set forth above, the undersigned finds that Defendants have not met their burden of establishing that complete diversity of citizenship exists between the parties, as is necessary to support federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand (Doc. 5) be **GRANTED,** and that this action be remanded to the Circuit Court of Baldwin County, Alabama, pursuant to 28 U.S.C. § 1447(c).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See*

---

steps to update his Florida license with his Alabama address when he ceased living in Florida in 2012.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).   The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interests of justice."   *11th Cir. R. 3-1.*   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **March, 2018.**

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE